FA'AIU FIU, Petitioner

v.

GAULEMALIE FIU, Respondent

High Court of American Samoa
Trial Division

DR No. 31-87

September 1, 1987

■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■

Before KRUSE, Associate Justice, and LUALEMAGA, Associate Judge.

Counsel: For Petitioner, Albert Mailo
         Gaulemalie Fiu pro se

Plaintiff files for divorce upon the grounds of adultery and "ill usage and habitual cruelty." The petition does not seek ancillary relief in connection with custody of the parties' minor children, nor in connection with support responsibilities.

Respondent herein did not file an answer to the petition and, while respondent is technically in default, the Court nonetheless required petitioner to be put to proof in accordance with T.C.R.C.P. Rule 55(e), to establish his right to relief by satisfactory evidence.

At the conclusion of petitioner's evidence and examination of the petitioner by the Court in accordance with A.S.C.A. § 42.0205, the Court determined from the evidence presented that the case of the petitioner had been proven, and granted the petition. At this point, the respondent, who

had not earlier come forward when the case was called, requested of the Court to be heard. The matter was reopened, and the Court heard from the respondent.

Respondent testified that she was not the only adulterous party, however her testimony was conflicting. At first she stated that she was seduced into an adulterous affair with the complicity of her husband and the third party involved. Later on, respondent testified that she never engaged in any adulterous relations with this third party.

Respondent's primary point, as far as the Court could gather, was to impress upon the Court that petitioner was also guilty of wrongdoing in order to mitigate her occasions of infidelity. Respondent countercharged in her testimony that petitioner was cohabiting with a fellow employee; and that this cohabitation had resulted in the fellow employee's giving birth to a child of petitioner's.

When respondent was questioned as to the source of her knowledge in connection with her allegations, she stated that her information was gained from certain members of her family. She had no direct knowledge herself save to the extent that she had seen her husband's alleged paramour driving around in her husband's pickup truck during working hours.

Petitioner, on rebuttal, testified that at the time he was Assistant Manager for Food and Beverage at the Rainmaker Hotel, and in fact his vehicle was frequently used by his subordinates to make purchases for the Hotel. The fellow employee who was accused as his cross co-respondent, was one of a number of Hotel employees who used petitioner's vehicle during working hours. He had put this explanation to his wife before and also explained to her that the woman who was the subject of her suspicions was already a happily married woman. Consistent with petitioner's responses to the Court's earlier examination, petitioner denied any wrongdoing on his part.

After weighing the testimony of both parties, the Court concludes that the evidence preponderates in favor of petitioner. After reopening the matter, the court has heard from respondent to see if there existed any legal ground for denying the petition under A.S.C.A. §§ 42.0206 and 42.0208.

We find no such grounds, being impressed with petitioner's superior creditability while, on the obverse, we find respondent's allegations of fault with petitioner as being premised on the shaky foundations of hearsay, as well as conjecture.

The petition for divorce is granted.